## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**v.**                  **Case No. 4:21-cr-00017-01-LPR**

**CHRISTOPHER SHAWN DEATON**                            **DEFENDANT**

## ORDER

This Order addresses Defendant's Motion to Dismiss Count 4 of the Second Superseding Indictment as well as Defendant's Motion to Sever.[1] The Motions are fully briefed.[2] At the last hearing in this case—which concerned other motions—the Court inquired whether the parties wanted to hold oral argument with respect to the two Motions at issue in this Order. Both parties declined. Nonetheless, the Court thought oral argument might be helpful and thus scheduled an argument for October 17, 2024.[3] Upon further consideration, however, the Court has now concluded that oral argument is not necessary on either Motion. For the reasons discussed below, the Court DENIES both Motions.

Let's start with the Motion to Sever.[4] Defendant requests a number of severances, which would essentially require four separate trials on the Second Superseding Indictment:

- a trial on Counts 1 and 2 (which have now been merged);
- a trial on Count 3;
- a trial on Count 4; and
- a trial on Count 5.[5]

---

[1] Mot. to Dismiss Count 4 (Doc. 93); Mot. to Sever (Doc. 95).

[2] Mot. to Dismiss Count 4 (Doc. 93); Mot. to Sever (Doc. 95); Gov't's Resp. to the Mots. (Doc. 97).

[3] Notice of Hr'g (Doc. 101).

[4] Mot. to Sever (Doc. 95).

[5] *See* Mot. to Sever (Doc. 95) at 1–2.

1

The merged Counts 1 and 2 concern alleged possession of child pornography.[6] Count 3 concerns an alleged SORNA registration violation.[7] Count 4 concerns alleged sex trafficking of a minor.[8] Count 5 concerns alleged production of child pornography.[9]

Under binding Eighth Circuit precedent set out in *United States v. Reynolds*, the alleged crimes in merged Counts 1 and 2, Count 4, and Count 5 "are of the same or similar character" for purposes of Federal Rule of Criminal Procedure Rule 8(a).[10] Count 3—failure to properly register or update information under SORNA—is not necessarily of the same or similar character as the other counts. The Eighth Circuit has not decided that question. And this Court need not do so. Even if Count 3 is not of the same or similar character as the other counts, it still meets the Rule 8(a) requirement for inclusion in one trial. As alleged, all the counts—including Count 3—are "connected with or constitute parts of a common scheme or plan."[11] The Government explains why this is so in the carryover paragraph on pages 9–10 of its Brief.[12] The Court agrees with that argument and adopts the same position.

Even when joinder is allowable under Rule 8, Federal Rule of Criminal Procedure 14 teaches that severance is called for where "joinder of [the] offenses" in one trial "appears to prejudice a defendant . . . ."[13] There's no prejudice here because the admissible evidence on each

---

[6] Second Superseding Indictment (Doc. 77) at 1–2.

[7] *Id.* at 2.

[8] *Id.* at 2–3.

[9] *Id.* at 3.

[10] *See* 720 F.3d 665, 670 (8th Cir. 2013).

[11] Fed. R. Crim. P. 8(a).

[12] Gov't's Resp. to the Mots. (Doc. 97) at 9–10.

[13] Fed. R. Crim. P. 14.

individual count would be admissible as to all the other counts anyway.[14] This is true because of the combined effect of Federal Rule of Evidence 404(b)(2), Federal Rule of Evidence 414, and Eighth Circuit caselaw concerning "intrinsic" evidence.[15]  Because there would be no prejudice associated with having all counts resolved in one trial, that is how we will proceed for judicial efficiency, economy, and coherence.

Next up is the Motion to Dismiss Count 4 of the Second Superseding Indictment.[16] Defendant appears to challenge (a) the delay between his initial arrest and his indictment on Count 4 of the Second Superseding Indictment; and (b) the delay between his initial arrest and his upcoming trial with respect to Count 4 of the Second Superseding Indictment.[17]  Defendant argues that his Sixth Amendment right to a speedy trial and his statutory right to the same (under the Speedy Trial Act) have been violated.[18]

Under binding Eighth Circuit precedent set out in *United States v. Sprouts*, Defendant's speedy trial rights under the Sixth Amendment with respect to Count 4 were not triggered until June 4, 2024.[19]  That was the first time Defendant was indicted for the conduct at issue in Count 4—alleged sex trafficking.[20]  Because he was never arrested for sex trafficking (he was already in

---

[14] *See* Gov't's Resp. to the Mots. (Doc. 97) at 10 (citing *United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011) and *United States v. Taken Alive*, 513 F.3d 899, 903 (8th Cir. 2008)).

[15] *See id.* at 10–11 (citing *United States v. Bartunek*, 969 F.3d 860, 862 (8th Cir. 2020) and *United States v. Guzman*, 926 F.3d 991, 999–1000 (8th Cir. 2019)).  The Court is not certain that it does, or will, agree with the Government on the exact contours of the intrinsic evidence doctrine.  But the evidence in the delta would still be admissible under Federal Rules of Evidence 404(b)(2) or 414.

[16] Mot. to Dismiss Count 4 (Doc. 93).

[17] *See generally id.*

[18] *See id.* at 3, 9–10.

[19] *See* 282 F.3d 1037, 1042–43 (8th Cir. 2002).

[20] *See* Second Superseding Indictment (Doc. 77) at 2–3.

custody on other charges), the date of indictment is the triggering event for purposes of the Sixth Amendment speedy trial analysis.[21]

The Speedy Trial Motion was filed on September 16, 2024, which is about three and a half months after the date of indictment.[22] It is now October 15, 2024. The trial is set for October 28, 2024.[23] Even if the Court were to use the October 28, 2024 date as the proper end point of the delay analysis, there would be less than five months between indictment and (the anticipated date of) trial. Under *Sprouts* and the cases cited by *Sprouts*, that is not a long enough delay to be "presumptively prejudicial," and so the Sixth Amendment analysis ends there—in favor of the Government.[24]

As for the Speedy Trial Act analysis, the Court is unclear why the triggering date with respect to Count 4 would be prior to the time Defendant was indicted on Count 4. But, like the Government does, the Court will assume arguendo that the triggering date was back on February 1, 2021, when Defendant was arrested for the alleged SORNA violation. Even in that scenario, there is no Speedy Trial Act violation. The Court agrees with the Government's count of days presented on pages 5–6 of its Brief and reaffirms that the time associated with each continuance was appropriately excludable under the applicable provisions of the Speedy Trial Act.[25]

---

[21] *See Sprouts*, 282 F.3d at 1042 ("Here, Sprouts was not arrested for the escape because he was already incarcerated on another charge. Therefore, he did not become accused for purposes of the Sixth Amendment speedy trial provision until he was indicted . . . ."). Defendant was arrested back on February 1, 2021. *See* Arrest Warrant Returned Executed (Doc. 9). But it is clear from the Criminal Complaint that this arrest was based on an alleged SORNA registration violation. *See generally* Compl. (Doc. 1). Because he had been arrested back then and was still incarcerated, there was no need to arrest him again with respect to the sex trafficking allegation in Count 4. *See* Clerk's Minutes for Oct. 24, 2023 Hr'g (Doc. 62).

[22] *See* Mot. to Dismiss Count 4 (Doc. 93).

[23] *See* June 13, 2024 Order to Continue (Doc. 81).

[24] *See* 282 F.3d at 1043 (collecting cases). Defendant did not make a Fifth Amendment due process challenge. Unlike the Sixth Amendment, the Fifth Amendment "prohibits unreasonable pre-indictment delay." *Id.* at 1041. The Court is not going to create and then address legal challenges that were not briefed by Defendant.

[25] *See* Gov't's Resp. to the Mots. (Doc. 97) at 5–6; Mar. 10, 2021 Order to Continue (Doc. 25); Apr. 30, 2021 Order to Continue (Doc. 28); Mar. 8, 2022 Order to Continue (Doc. 36); June 30, 2022 Order to Continue (Doc. 43); Mar. 8,

Defendant does not develop a serious Speedy Trial Act argument, instead focusing on the Sixth Amendment and the *Barker* factors.[26] Aside from vague implications, Defendant does not challenge any Continuance Order as incorrectly excluding Speedy Trial Act time. The Court is not going to tilt at windmills, especially since the continuance motions were either joint or unopposed (and nearly always filed by Defendant).[27] There has been no Speedy Trial Act violation with respect to Count 4 of the Second Superseding Indictment.

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss Count 4 of the Second Superseding Indictment as well as Defendant's Motion to Sever.[28]

IT IS SO ORDERED this 15th day of October 2024.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　LEE P. RUDOFSKY
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

2023 Order to Continue (Doc. 50); Aug. 16, 2023 Order to Continue (Doc. 56); Jan. 5, 2024 Order to Continue (Doc. 70); June 13, 2024 Order to Continue (Doc. 81). If Defendant believes the Speedy Trial Act time has expired, it is unclear why he moved to dismiss only Count 4 as opposed to all of the pending counts.

[26] *See* Gov't's Resp. to the Mots. (Doc. 97) at 3–9.

[27] *See* Apr. 30, 2021 Mot. to Continue (Doc. 27); Mar. 7, 2022 Mot. to Continue (Doc. 35); June 28, 2022 Mot. to Continue (Doc. 42); Feb. 28, 2023 Mot. to Continue (Doc. 49); Aug. 2, 2023 Mot. to Continue (Doc. 52); Dec. 21, 2023 Mot. to Continue (Doc. 69); June 11, 2024 Mot. to Continue (Doc. 80).

[28] Mot. to Dismiss Count 4 (Doc. 93); Mot. to Sever (Doc. 95).